UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| RICHARD W. LEWIS, Ph.D.,<br><br>    Plaintiff,<br><br>vs.<br><br>ELIZABETH RICHITT, Ph.D.; RICHARD WEIHER, Ph.D.; DAVID ANTONUCCIO, Ph.D.; LOUIS MORTILLARO, Ph.D.; DENNIS ORTWEIN; CHRISTA PETERSON, Ph.D.; STATE OF NEVADA, BOARD OF PSYCHOLOGICAL EXAMINERS; LINDA DUFF; TYRONE DUFF,<br><br>    Defendants. | 03:99-CV-0386-LRH (RAM)<br><br><u>ORDER</u> |

      Presently before this court is Defendants Tyrone and Linda Duff ("Defendant Duff") motion to vacate Chief U.S. District Judge Phillip M. Pro's Order (#366[1]) and United States District Judge Larry R. Hicks' Order (#365), both filed on January 31, 2005 (#369). Plaintiff, Richard Lewis, has filed on opposition (#370), to which Defendant Duff has replied (#371). The order found at docket number 366 reassigns the present case to the undersigned judge. The order found at docket number 365 applies to this case the mandate returned to this court from the Ninth Circuit Court of Appeals upon appeal number 04-15269, an appeal not involving Defendant Duff.

      Defendant Duff alleges that Chief Judge Pro and the undersigned judge were without jurisdiction to enter the orders found at docket numbers 365 and 366 because the present case

---

[1] References to (#XX) refer to the court's docket.

was still pending before the Ninth Circuit on Defendant Duff's cross-appeal, numbered 04-15326, which was remanded to this court on May 1, 2006. The court has considered Defendant Duff's arguments and finds that the court was within its jurisdiction in reassigning the matter and affirming the Ninth Circuit mandate.

It is recognized that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, this does not mean that certain actions cannot be taken by the district court after a notice of appeal has been filed. While the filing of a notice of appeal is an event of jurisdictional significance in that it confers jurisdiction on the appellate court, it does not divest all control from the district court. Instead, the filing of an appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Id.*

In this matter, a practical consideration of the facts show that two appeals were filed. One divested the district court of jurisdiction over all defendants, aside from Defendant Duff, that had been dismissed by a prior order. The second divested the district court of jurisdiction over all maters related to the default judgment entered against Defendant Duff.

When the Ninth Circuit handed down its mandate regarding the appeal of all defendants aside from Defendant Duff, jurisdiction was once again conferred upon the district court to act in conformity with that mandate. Thus any district court order that followed the Ninth Circuit mandate and did not interfere with Defendant Duff's pending appeal was well within the jurisdiction of the court. The order entered falls within that description and therefore was entered by a court with competent jurisdiction.

In addition, the order assigning this matter to the undersigned judge was a housekeeping matter unrelated to either of the pending appeals. Thus, the district court had not been divested of the jurisdiction required to reassign the case. Accordingly, Chief Judge Pro's order reassigning the matter to the undersigned judge was appropriate.

As the mandate from the Ninth Circuit regarding appeal number 04-15326 has just recently been released, no portion of this order should be read to affect or enforce that mandate. The court will deal with that issue in due course.

1    It is therefore ORDERED that Defendant Duff's motion to strike orders number 365 and
2  366 (#369) is DENIED.
3    DATED this 27th day of July, 2006.

_____
LARRY R. HICKS
United States District Judge