UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| RICHARD W. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | 03:99-CV-00386-LRH-RAM |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LINDA AND TYRONE DUFF, | ) | |
| | ) | |
| Defendants. | ) | |

On April 7, 2006, the Ninth Circuit remanded this action to the court in order to determine an appropriate award of sanctions. Upon considering the issue, the court will order Defendants Linda and Tyrone Duff ("the Duffs") to show cause as to why the conduct detailed below does not warrant sanctions pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or the court's inherent power to control its affairs.

On July 10, 2003, United States District Judge Edward Reed entered default judgment against Linda and Tyrone Duff in an action brought by Lewis alleging civil rights violations. (July 11, 2003, Min. Order (#299).) The Duffs failed to appear before the court despite repeated warnings, *see, e.g.*, (June 19, 2003, Min. Order (#296)), failed to reasonably participate in discovery, *see, e.g.*, (Mot. to Compel (#171)), filed untimely pleadings, *see, e.g.*, (Mot. to Dismiss (#279)), filed duplicative and legally frivolous pleadings, *see, e.g.*, (Resp. (#313)), accused the presiding judge of corruption and "mental impairment," *id.* at 22:6, accused the United States

District Court, District of Nevada of being a "criminal enterprise," *id*. at 22:9, and proclaimed to the court their refusal to personally participate in the action, (Resp. (#283)).

The court warned the Duffs that continued refusal to participate would result in default judgment and ordered the Duffs to participate in the production of the Pretrial Order, (May 6, 2003, Min. Order (#286)), but the Duffs, though still filing documents, continued to refuse personal participation, (Report & Recommendation (#294)). In a hearing on damages following default judgment, at which the Duffs did not appear, the court awarded Lewis $280,000 in compensatory damages and $50,000 in punitive damages. (June 27, 2004, Hr'g (#320).)

The Duffs appealed this award (#343). The Ninth Circuit reversed the default judgment and remanded for the imposition of a "more appropriate sanction" against the Duffs. (Sec. Req. for Case Status (#376), Ninth Circuit Memo. Ex. A.) Judge Reed subsequently recused, and the case was reassigned to this court for determination upon remand (#366).

The Duffs are ordered to show cause as to why they should not be sanctioned for the following conduct:

- their failure to appear (June 19, 2003, Min. Order (#296));
- legally duplicative and frivolous filings, *see, e.g.*, (Resp. (#313)).

///
///
///
///
///
///
///
///

2

1     IT IS THEREFORE ORDERED that the Duffs show cause as to why the foregoing conduct does not warrant sanctions. The Duffs' submission is due to the court no later than August 22, 2008.

    IT IS FURTHER ORDERED that the Duffs may include with their submission a statement of financial resources. Any such statement shall be under oath.

    IT IS FURTHER ORDERED that Lewis submit to the court, no later than August 22, 2008, an itemization of attorney time, services, fees and expenses incurred that are directly related to Plaintiff's action against the Duffs during the period following the grant of summary judgment to the state defendants (July 5, 2002, Order (#232)) but prior to the Duffs' appeal of default judgment (#326).

    IT IS FURTHER ORDERED that a hearing on sanctions against the Duffs is hereby set for Tuesday, September 2, 2008, at 1:30 p.m. in Courtroom 5 of the Bruce R. Thompson Federal Courthouse in Reno, Nevada.

    IT IS SO ORDERED.

    DATED this 28th day of July 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3