UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD W. LEWIS,<br><br>    Plaintiff,<br><br>v.<br><br>LINDA and TYRONE DUFF,<br><br>    Defendants. | 3:99-cv-0386-LRH-WGC<br><br>ORDER |

This is an order of sanctions against defendants Linda and Tyrone Duff ("the Duffs") and in favor of plaintiff Richard W. Lewis ("Lewis") in the amount of seven thousand seven hundred sixteen dollars and sixty-six cents ($7,716.66).

**I.  Facts and Background**

This case has an extensive factual and procedural history.[1] On July 10, 2003, United States District Judge Edward Reed entered default judgment against the Duffs in this civil rights action. Doc. #299.[2] As a sanction for the Duffs refusal to participate in this action, the court awarded Lewis $280,000 in compensatory damages and $50,000 in punitive damages. Doc. #320. The Duffs appealed this award (Doc. #343) and the Ninth Circuit reversed and remanded this action for the

---

[1] For a more in-depth review of this action, see the court's September 4, 2008 order awarding sanctions against the Duffs. Doc. #383.

[2] Refers to the court's docket number.

1  imposition of more appropriate sanctions (Doc. #376, Exhibit A).

2  On remand, this action was reassigned to this court which issued an order awarding
3  sanctions against the Duffs in the amount of $23,149.98 - three times Lewis's identified costs. Doc.
4  #383. In response, the Duffs appealed. Doc. #389. On appeal, the Ninth Circuit vacated the
5  sanctions award finding that an award of sanctions equal to three times Lewis' costs was criminal
6  in nature. Doc. #410. This order follows that history.

**II.   Discussion**

In the Ninth Circuit's order vacating the prior-issued sanctions order, the Ninth Circuit remanded the issue of sanctions to this court stating that "the district court may impose a monetary sanction that is civil in nature or not 'serious.'" Doc. #410. The court has reviewed the documents and pleadings on file in this matter, including the Ninth Circuit's decision, and finds that an award of monetary sanctions in the amount of $7,716.66, the amount of Lewis' costs,[3] against the Duffs is appropriate for their dilatory conduct in this action. This sanction of $7,716.66 will serve the purpose of compensating Lewis and deterring future similar conduct by the Duffs.

IT IS THEREFORE ORDERED that the clerk of court shall enter judgment in favor of plaintiff Richard W. Lewis and against defendants Linda and Tyrone Duff in the amount of $7,716.66. Plaintiff Lewis may also seek recovery for reasonable fees and costs incurred in seeking to satisfy this judgment.

DATED this 8th day of May, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff Lewis has filed an itemized statement of attorney time, services, and costs incurred as a result of the Duffs' conduct. This document establishes that Lewis incurred $7,566.66 in fees. Additionally, counsel for Lewis indicated that she spent an additional forty-five minutes of time in connection with the court's prior show cause orders. As such, Lewis is entitled to an additional $150.00 for this additional time.